## LOUIS E. RYDER *vs.* GEORGE R. COOLEY.

New Haven & Fairfield Cos., Jan. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and FENN, Js.

The plaintiff, who carried on a retail confectionery business, disposed of his entire stock and interest in the business, put the purchaser in full possession, giving him a written absolute conveyance, and received and retained the consideration, a small part of which was two notes of the purchaser payable on time. Held that, as against creditors of the purchaser, the plaintiff would not be allowed to show that, by an agreement with the purchaser at the time, the sale was to be conditioned upon the payment of the notes.

[Argued January 21st—decided February 17th, 1890.]

ACTION for the taking and conversion of a stock of goods; brought to the Superior Court in New Haven County. The defendant averred in his answer that he had been appointed trustee in insolvency of the property of one McKean, who had been in possession of the goods and carrying on business in the store containing them, and that he took possession of them as such trustee. The case was tried to the court before *F. B. Hall, J.*, the facts found and judgment rendered for the defendant. The plaintiff appealed. The case is more fully stated in the opinion.

*C. H. Fowler*, for the appellant.

*W. C. Case* and *W. H. Ely*, for the appellee.

FENN, J. This is an action brought to recover damages for the taking and conversion of personal property. The finding discloses that on July 19th, 1886, the plaintiff, for the agreed price of $10,000, sold and transferred to one McKean the confectionery business before that time carried on by the plaintiff on Chapel street, New Haven. It was agreed that the consideration should be paid and received in the form of certain shares of stock at the valuation of

$5,000, a deed of an equity in certain real estate, $200 in cash, and three notes of McKean, one for $2,540, at six months, and two, one being for $900 the other for $600, each payable in one month, and secured by the conveyance to the plaintiff of a certain other equity in real estate. The cash was paid, stock transferred, and the notes and deeds executed and delivered, and the plaintiff thereupon gave to McKean a bill of sale, under seal, absolute in form, of said personal property, and also delivered to him possession of the store and goods. The plaintiff has ever since retained the notes, deeds and property, but they have been of no benefit to him, no part of either of the three notes has ever been paid, the stock has had no market value, and the prior incumbrances on the real estate were so great that the plaintiff has never taken possession of it and has regarded it as worthless. McKean immediately took possession of the store, and thereafter continued to conduct the business in his own name, until the property was, on August 20th, 1886, attached, and it remained in the hands of the officer until the defendant, having been appointed trustee, under a voluntary assignment in insolvency made by McKean, who was in fact largely insolvent, took possession on the 10th day of September, 1886. The real value of the confectionery goods was about $2,000.

During the trial of the case in chief the plaintiff offered to prove the conversation between himself and McKean prior to the execution of the bill of sale, for the purpose of showing that the sale was not absolute, but that it was agreed between the plaintiff and McKean before the execution of the bill of sale, that the title to the property should remain in the plaintiff until the payment of the notes of $900 and $600. The evidence was objected to, but by consent received subject to objection; it was not excluded, but was heard and considered by the court; and it was found that there was no such agreement, but that the sale was in fact absolute.

The plaintiff, during the presentation of his case in chief, to prove such agreement, further offered to prove the dec-

larations of McKean to one McDonald, made after the sale, but before the attachment, and in the absence of the defendant. This was excluded, and the plaintiff excepted.

The defendant recovered judgment, and the plaintiff, having appealed, assigns as a reason the exclusion of said evidence, and also makes a further assignment, entirely unnecessary to consider, since it consists of allegations of facts in direct conflict with the express finding of the court, and is therefore groundless. The sole question presented by the record is—was there error in the exclusion of such evidence; for although the plaintiff, in disposing of property worth $2,000 at the agreed price of $10,000, may, as demonstrated by the result, have made a hard bargain for himself, his misfortune in this regard is one which we are not enabled to remedy.

We do not find it necessary to decide whether, if the evidence which was offered and received subject to objection was admissible, the proof of declarations, offered and rejected, was also admissible, since we are clearly of the opinion that the evidence which was received should not have been considered, and that, had the result been different, its final reception would have afforded the defendant a valid reason of appeal. Nor do we base this opinion upon any such view of the bill of sale as that it constitutes the contract, or is, as between the parties, of such conclusive character as to preclude the admission of parol evidence of the prior agreement in pursuance of which it was executed, whenever such evidence is not for other reasons inadmissible. The law of this state upon the subject of conditional sales has often been distinctly and fully enunciated. It cannot be misapprehended and it can gain nothing in clearness from any additional statement, illustration or discussion here. It is sufficient to say that we are content with that law, and have no intention by this decision to vary or modify it. Yet in entire consistency therewith it is our duty to hold that, under such circumstances as this case discloses, where a man has sold the whole trade, interest and stock of a retail store, put the purchaser in

complete and absolute possession of it as an uninterrupted and continuing business, so that it would be impossible that the parties could now be restored to their former condition, giving to the buyer as his credential and evidence of title a sealed and absolute written conveyance; when, as was said by this court in *Forbes* v. *Marsh*, 15 Conn., 384, "the vendor permitted the vendee to hold himself out as owner of the property," and "himself held the vendee out as such owner;" where he has received and retained the consideration; as against a *bonâ fide* purchaser, attaching creditor or trustee in insolvency representing creditors of the purchaser, every principle of justice, public policy, honesty and common sense, should bar and preclude the claim that, after all, the conveyance was conditional and not absolute, and especially, as in this case, that it was conditioned upon the ultimate payment at maturity of time notes, for an inconsiderable portion of the consideration. The very nature of the entire transaction is inconsistent with and conclusively contradicts such a claim.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.